UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

: 
EDWARD SMITH, :
: CASE NO. 1:18-cv-01041
:
Petitioner, :
:
vs. : OPINION AND ORDER
: [Resolving Doc. 1]
LASHANN EPPINGER, :
Warden, Grafton Correctional :
Institution, :
:
Respondent. :
:
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 4, 2018, Petitioner Edward A. Smith, an Ohio inmate serving a life sentence for aggravated murder, petitioned this court for federal habeas corpus relief under 28 U.S.C. § 2254.[1] Petitioner argued only that his sentence was a breach of the plea agreement and the sentence imposed was illegal. The Court referred the matter to Magistrate Judge Kathleen B. Burke.

On April 7, 2020, Magistrate Judge Burke issued a Report and Recommendation ("R&R") recommending Petitioner Smith be denied § 2254 relief as to Ground One, dismissed or denied as to Count Two, and dismissed as to Ground Three after finding that Smith has failed to demonstrate that the state appellate court's decision affirming the trial court's denial of his motion to withdraw his guilty plea resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1] Doc. 1.

Case No. 1:18-cv-01041
Gwin, J.

determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Magistrate Judge Burke entered further findings that Smith Ground Two claims were not supported. She also found Smith's claim of a denial of a right to effective assistance of counsel was not cognizable on federal habeas review. Smith had no right to counsel in a motion to withdraw guilty plea proceeding.

Objections to that R&R were due by April 21, 2020. Petitioner Smith filed a motion for a 60-day extension of time in June 2020, making objections due on August 4, 2020. Petitioner Smith no objections.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of an R&R to which the parties have made an objection.[2] Failure to timely object waives a party's right to appeal the magistrate's report.[3] Where a party does not object to the R&R, a district court may adopt it without review.[4]

Additionally, this Court has independently examined the petition and the return and finds Smith's habeas petition fails.

Accordingly, in light of Petitioner Smith's decision not to object to the R&R in this case, and in light of the Court's independent review, the Court **ADOPTS** Magistrate Judge Burke's R&R, incorporates it as if fully restated herein, and **DENIES** Petitioner Smith's § 2254 habeas petition.

---

[2] 28 U.S.C. § 636(b)(1).
[3] *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 827 (6th Cir. 2019).
[4] *See Thomas*, 474 U.S. at 149–50.

Case No. 1:18-cv-01041
Gwin, J.

    IT IS SO ORDERED.

Dated: February 22, 2021            *s/     James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE